**WO**                                                                                          RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Miguel Robert Quintero III, ) | No. CV 06-2426-PHX-SMM (DKD) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Joseph Arpaio, ) | |
| Defendant. ) | |

Plaintiff Miguel Robert Quintero III, who is confined in the Maricopa County Durango Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will order Defendant Joseph Arpaio to answer the Complaint.

**I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $8.80. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**TERMPSREF**

**II.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

**III.    Complaint**

Plaintiff alleges three counts in the Complaint.

Named as Defendant in the Complaint is Joseph Arpaio, Maricopa County Sheriff.

Plaintiff seeks an order for Defendant Arpaio to "deal" with the problems set out in the Complaint and compensatory and punitive monetary damages.

In Count I of the Complaint, Plaintiff claims that it is cruel and unusual punishment not to be properly fed in jail. In Count II of his Complaint, Plaintiff claims that the overpopulation at the Durango Jail is "out of control." In Count III of the Complaint, Plaintiff claims that it is cruel and unusual punishment for inmates to be forced to live in the conditions of the Durango Jail.

Plaintiff further alleges that Defendant Arpaio is liable because he sets the policy used in all of the jails in Maricopa County. These allegations adequately state a claim, and the Court will require an answer to the Complaint from Defendant Arpaio.

**IV.    Warnings**

   **A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

   **B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule

1  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other
2  relief with a notice of change of address.  Failure to comply may result in dismissal of this
3  action.

4  **C.  Copies**

5  Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy
6  of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate
7  stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit
8  an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply
9  may result in the filing being stricken without further notice to Plaintiff.

10  **D.  Possible Dismissal**

11  If Plaintiff fails to timely comply with every provision of this Order, including these
12  warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet,
13  963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
14  comply with any order of the Court).

15  **IT IS ORDERED:**

16  (1)  Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint,
17  is **granted**.

18  (2)  As required by the accompanying Order to the appropriate government agency,
19  Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $8.80.

20  (3)  The Clerk of Court must send Plaintiff a service packet including the
21  Complaint (Doc. #1), this Order, and both summons and request for waiver forms for
22  Defendant Joseph Arpaio.

23  (4)  Plaintiff must complete and return the service packet to the Clerk of Court
24  within 20 days of the date of filing of this Order.  The United States Marshal will not provide
25  service of process if Plaintiff fails to comply with this Order.

26  (5)  If Plaintiff does not either obtain a waiver of service of the summons or
27  complete service of the Summons and Complaint on the Defendant within 120 days of the
28  filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the

action may be dismissed as to the Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(6) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(7) The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by the Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) **If Defendant agrees to waive service of the Summons and Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9) Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

1       (10)    This matter is referred to Magistrate Judge David K. Duncan pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 26th day of January, 2007.

                                                      */s/ Stephen M. McNamee*
                                                      Stephen M. McNamee
                                                      United States District Judge

**TERMPSREF**